**MINUTES OF PROCEEDING**
**KAYLA DYE MCCLUSKY**
**U.S. MAGISTRATE JUDGE**
**APRIL 15, 2026**

**UNITED STATES DISTRICT COURT**

**WESTRN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **RENITTA CEYZETTE WILLIAMS** | **CIVIL ACTION NO. 5:25-1054** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LOUISIANA-1 GAMING D/B/A/BOOMTOWN CASINO & HOTEL NEW ORLEANS AND PENN NATIONAL GAMING INC.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

********

Pending before the undersigned, upon reference from the District Court, is a Motion to Compel [doc. #41] filed by Plaintiff Renitta Ceyzette Williams ("Ms. Williams"). Rather than provide a written response, Defendants Louisiana-I Gaming, a Louisiana Partnership in Commendam, d/b/a Boomtown Casino & Hotel New Orleans, and PENN Entertainment, Inc. (incorrectly identified as Penn National Gaming, Inc.) (collectively "Louisiana-I Gaming"), through counsel, requested a discovery hearing by telephone. The undesigned agreed to that request, and a discovery hearing was set for April 15, 2026, at 10:30 a.m. Prior to that time, Defendants provided the Court with a copy of the discovery responses submitted to Ms. Williams.

In her Motion to Compel, Ms. Williams explained that the parties had a discovery

conference, and, following that conference, the following discovery requests remained in dispute: Plaintiff's Interrogatories Nos. 11, 12, and 15, and Plaintiff's Requests for Production Nos. 7 & 8.

The hearing commenced this morning, and present were Ms. Williams, acting pro se, and Andrew Halverson ("Mr. Halverson"), counsel for Defendants. Ms. Williams and Mr. Halverson made statements prior to my consideration of and ruling on the discovery dispute.

The undersigned applied Federal Rules of Civil Procedure 26, 33, and 34 in resolving this dispute. Under Rule 26,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The undersigned ruled on the Motion to Compel, ordering that it was **GRANTED IN PART AND DENIED IN PART** as follows:

> **Interrogatory No. 11:** Identify all employees accused of threatening, violent, or intimidating conduct from January 1, 2022, through December 31, 2024, including for each employee: race, nature of conduct, prior disciplinary history, and discipline imposed.
>
> **Defendants' Response:** Defendants further object to this Response as the term "all" is akin to information sought beyond the scope of the Federal Rules of Civil Procedure 26, 33, and 34, and seeks information not relevant to any party's claim or defense, is not proportional to the needs of the case, and is interposed for an improper purpose including to harass or needlessly increase the cost of litigation. Defendants also object to this Interrogatory to the extent it seeks Defendants' confidential and proprietary information, business secrets, or commercially sensitive information regarding Defendants' business, the publication or disclosure of which could cause substantial, irreparable harm without compelling justification, and requires Defendants to reveal a third party's confidential or private information, the disclosure of which would violate his or her right to privacy.

**RULING ON INTERROGATORY NO. 11**

Plaintiff's Motion to Compel as to Interrogatory No. 11 was **GRANTED IN PART and DENIED IN PART**. The motion was **DENIED** to the extent that Williams seeks the information listed as to "all" employees. The motion is **GRANTED** to the extent that the undesigned found that such information is relevant and proportional to the needs of the case as to persons employed as Assistant Casino Managers, like Williams, as well as to similarly situated persons in like managerial or supervisory positions. However, the ruling is subject to the preparation and presentation to the Court of a Motion for Protective Order. Mr. Halverson will provide the proposed protective order to Ms. Williams for her review no later than **Friday, April 17, 2026**. Ms. Williams will notify defense counsel of any objections she has to the protective order or indicate her agreement to submission of the proposed order for Court review no later than **Wednesday April 22, 2026.** Mr. Halverson will ensure that the proposed protective order is filed no later than **Friday, April 24, 2026.** Although not specifically addressed in the conference, the undersigned instructs that if the parties cannot agree to all provisions of the proposed protective order, any objection or proposed modification should be noted for the Court's consideration. **Interrogatory No. 12:** State whether any employee identified in Interrogatory No. 11 engaged in conduct more severely than that attributed to Plaintiff but received lesser discipline and identify each such employee.

**Defendants' Response:** Defendants incorporate the objections and response to Response to Interrogatory No. 11. Defendants further object to this Interrogatory as vague as to the meaning of "more severely," assumes facts not in evidence, seeks information not relevant to any party's claim or defense and is not proportional to the needs of the case and seeks information regarding Defendant's legal theories and conclusions. Defendants cannot answer this Interrogatory as presently drafted.

**RULING ON INTERROGATORY NO. 12**

Plaintiff's Motion to Compel as to Interrogatory No. 12 was **DENIED.** The information sought is redundant of the request in Interrogatory No. 11 and otherwise seeks an inappropriate factual and legal conclusion from Defendants. The parties are free to make arguments as to the significance of the information or documentation regarding other employees.

**Interrogatory No. 15**: Identify any individual who resigned or separated from employment prior to Plaintiff's termination whose conduct Defendants contend was relevant to the decision to terminate Plaintiff, including date and reason for separation.

**<u>Defendants' Response:</u>** Defendants object to this Interrogatory to the extent it seeks a narrative response. Defendants also object to this Interrogatory the term "any" is akin to information sought beyond the scope of the Federal Rules of Civil Procedure 26, 33, and 34, seeks information not relevant to any party's claim or defense, is not proportional to the needs of the case, and is interposed for an improper purpose including harassment and to needlessly increase the cost of litigation. Defendants also object to this Interrogatory to the extent it requires Defendants to reveal a third party's confidential or private information, the disclosure of which would violate his or her right to privacy. Defendants also object on the grounds that the request is vague and/or calls for a legal conclusion. Subject to the forgoing objections and without waiving the same, Defendants do not have an answer to this interrogatory. The decision to terminate Plaintiff's employment was based on Plaintiff's conduct and violation of company policy, as expressed in the documents produced herewith bearing Bates DEF-000023-29.

**<u>RULING ON INTERROGATORY NO. 15</u>**

Plaintiff's Motion to Compel as to Interrogatory No. 15 was **GRANTED IN PART AND DENIED IN PART**. It is the understanding of the undersigned that Ms. Williams merely requires Defendants to supplement their response as agreed during the discovery hearing. To this extent, the motion is **GRANTED**. The motion is otherwise **DENIED**, subject to Ms. Williams' right to request further information based on the supplemental and/or additional discovery responses received. Mr. Halverson pointed out that Ms. Williams is in contact with another former employee of Defendants who is also African-American and female, was also terminated from her employment, and also has a pending lawsuit against Defendants in the Eastern District court. The undersigned cautioned Ms. Williams that, to the extent that she may do so, she should obtain requested information from that individual, consistent with the limits of Rule 26 when a party can obtain information from another source. Ms. Williams explained that they do not live in the same city and are not in close contact on a regular basis. However, Ms. Williams can utilize email, texts, or other means to confirm information from that former employee and was instructed to do so if possible

**Request for Production No. 7:** Produce documents sufficient to show all instances of alleged threatening, violent, or intimidating conduct by employees between January 1, 2022, and December 31, 2024, including disciplinary outcomes.

**Defendants' Response:** Defendants object to the request on the grounds that it seeks information that is not relevant to the claims or defenses at issue in this lawsuit, is overbroad and not proportional to the needs of the case, and is interposed for an improper purpose including harassment and to needlessly increase the cost of litigation. Defendants object to this Request as the term "all" is akin to information sought beyond the scope of the Federal Rules of Civil Procedure 26, 33, and 34, seeks information not relevant to any party's claim or defense and is not proportional to the needs of the case, and assumes facts not in evidence. Defendants also object to this [Request for Production] to the extent it seeks Defendants' confidential and proprietary information, business secrets, or commercially sensitive information regarding Defendants' business, the publication or disclosure of which could cause substantial, irreparable harm without compelling justification, and requires Defendants to reveal a third party's confidential or private information, the disclosure of which would violate his or her right to privacy. Defendants object to this Request as vague as to the meaning the phrases of "alleged threatening, violent, or intimidating conduct," and assumes facts not in evidence. Subject to and without waiving these objections, Defendants cannot respond to this Request as stated.

**RULING ON REQUEST FOR PRODUCTION NO.7**

For the reasons stated in ruling on Interrogatory No. 7, Plaintiff's Motion to Compel was **GRANTED IN PART AND DENIED IN PART** as to Request for Production No. 7. Defendants are required to produce documents consistent with their response to Interrogatory No. 7, subject to the entry of a protective order by the Court.

**Request for Production No. 8**: Produce all documents concerning the white male employee who authored the alleged threats, including disciplinary history, investigation materials, and separation records.

**Defendants' Response**: Defendants further object to the request on the grounds that it seeks information that is not relevant to the claims or defenses at issue in this lawsuit, is overbroad and not proportional to the needs of the case, and is interposed for an improper purpose including harassment and to needlessly increase the cost of litigation. Defendants object to this Request as vague as to the meaning the phrases of "the white male" and "the alleged threats," and assumes facts not in evidence. Defendants further object to this Response as the term "all" is akin to information sought beyond the scope of the Federal Rules of Civil Procedure 26, 33, and 34, seeks information not relevant to any party's claim or defense, and is

> not proportional to the needs of the case. Defendants also object to this Request to the extent it seeks privileged information protected by the attorney-client privilege and/or work-product doctrine, the mental impressions of Defendants' counsel, and requires Defendants to reveal a third party's confidential or private information, the disclosure of which would violate his or her right to privacy. Subject to and without waiving these objections, Defendants cannot respond to this Request as stated.

**RULING ON REQUEST FOR PRODUCTION NO. 8**

Plaintiff's Motion to Compel was **GRANTED IN PART AND DENIED IN PART** as to Request for Production No. 8. First, the parties clarified that the name of the "white male employee" is Christian Norton (as identified in Plaintiff's Motion to Compel). With regard to the documents sought, the motion was **DENIED** as overly broad and not proportional to the needs of the case to the extent that Williams seeks "all documents." The motion was further **DENIED AS MOOT** to the extent that Defendants have already produced certain documents. The motion was **GRANTED** to the extent that Mr. Halverson has agreed to provide supplemental documents consisting of any materials leading up to Ms. Williams' termination, even if they do not mention her by name, subject to entry of a protective order by the Court. If there are responsive documents which Defendants contend are subject to attorney-client privilege or work-production protection, Defendants should provide a privilege log to Ms. Williams.

**IT WAS FURTHER ORDERED** that Defendants provide all responsive/supplemental interrogatory responses and documents to Ms. Williams no later than **May 1, 2026.** Near the conclusion of the hearing, Ms. Williams raised an issue that Defendants have sought extensions on discovery responses not subject to the motion to compel, and she wanted a date certain when those responses would be provided. Mr. Halverson agreed, and the Court ordered, that all remaining discovery responses, whether subject to the instant Motion to Compel or not, be provided by **May 1, 2026**.

Finally, the undersigned assured Ms. Williams and Mr. Halverson that we are aware of

the pending motions to dismiss and to amend and will address them shortly.

The hearing and conference concluded in one hour.

KDM

